The People of the State of New York, Respondent,
against
Lyle Pike, Appellant.




Michael Blakey, for appellant.
Suffolk County District Attorney (Caren C. Manzello of counsel), for respondent.

Appeal from a judgment of the Justice Court of the Town of Southampton, Suffolk County (Andrea H. Schiavoni, J.), rendered May 23, 2014. The judgment convicted defendant, upon a jury verdict, of criminal contempt in the second degree, and imposed sentence.




ORDERED that the judgment is reversed, on the facts, and the accusatory instrument is dismissed.
Defendant was charged with criminal contempt in the second degree (Penal Law § 215.50 [3]). At a jury trial, evidence was presented that, while he had been present at a field for his son's baseball game on June 15, 2013, defendant was served by two deputy sheriffs with an order of protection directing him to stay away from his estranged wife. After defendant was served, he was told that his wife was present but he refused to leave, and was thereupon arrested for violating the order of protection. 
The order of protection, insofar as is relevant here, directs defendant to stay away from the home of the protected party, "except to effectuate pickup and dropoff curbside," and to stay away from the protected party, "except for visitation." Defendant testified that he understood his son's baseball games to be part of "visitation" pursuant to a custody order that had been in place since 2011. He further testified that his wife had dropped his son off at the field but was gone by the time the deputy sheriffs arrived. While both deputy sheriffs testified that they had advised defendant that he needed to leave the field because his wife was present, neither offered specific testimony regarding her actual presence at that time. One testified that, "at some point," they had become aware of her presence. The other testified specifically that she had been there—in her car in the parking lot—when they had arrived at the field. Following deliberations, the jury found defendant guilty.
On appeal, defendant contends, among other things, that the verdict was against the weight of the evidence. We agree. 
Insofar as is relevant here, "[a] person is guilty of criminal contempt in the second degree [*2]when he engages in any of the following conduct: . . . Intentional disobedience or resistance to the lawful process or other mandate of a court" (Penal Law § 215.50 [3]). An essential element of this crime is that the defendant intentionally disobey a court order (see People v Contreras, 58 Misc 3d 132[A], 2017 NY Slip Op 51776[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2017]; see generally Matter of McCormick v Axelrod, 59 NY2d 574, 583 [1983]). As an acquittal would not have been unreasonable here, we exercise our factual review power (see CPL 470.15 [5]; People v Danielson, 9 NY3d 342, 348 [2007]; People v Romero, 7 NY3d 633, 636 [2006]), and, upon such review, we find that the guilty verdict was against the weight of the evidence, as there was insufficient evidence that defendant had intentionally disobeyed the order of protection.
Accordingly, the judgment of conviction is reversed and the accusatory instrument is dismissed.
ADAMS, P.J., GARGUILO and EMERSON, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: May 09, 2019